UNITED STATES DISTRICT COURT DISTRICT
OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICK T. BRANNIGAN and BETH A. BRANNIGAN**<br>PLAINTIFF**,**<br>vs.<br>**LOANDEPOT.COM LLC**<br>DEFENDANTS**,** | DOCKET NO.<br><br>CIVIL ACTION COMPLAINT |

Plaintiffs, Patrick T. Brannigan and Beth A Brannigan, collectively identified as the "Plaintiff" herein, sue Defendants and by way of a Complaint state:

1. **Parties and Jurisdiction**

    A. Plaintiffs Patrick T. Brannigan and Beth A Brannigan, are of majority age residing at 3755 Lancaster Drive, Doylestown PA 18902, (the "Property").

    B. Defendant LOANDEPOT.COM LLC, and its agents, servants, workmen and employees (collectively identified as "Defendants") were and are at all material times hereto, a foreign corporation whose corporate domicile and alleged authority to do business in the State of New Jersey is unknown, but with its principle place of business located at 5465 Legacy Drive, S-200, Plano Texas 75024.

    C. At all times relevant and material hereto the Defendants were the owners and/or servicers of the Note/Mortgage referenced herein, or, alternatively were the servicers of the Note/Mortgage referenced herein, charged with the responsibility of servicing, managing, maintaining, processing loss mitigation applications and doing all acts necessary to handle the Note/Mortgage in accordance with applicable State and Federal regulations, acting at all times did act on their own individual behalf and as agents, servants, workmen and/or employees of each other and/or the owner of the Note/Mortgage.

D. At all times relevant and material hereto the Defendants were the successors in interest of each other and did by agreement and/or operation of law assume the liabilities arising out of their conduct including but not limited to liability for the conduct hereinafter described.

E. Jurisdiction is based on 28 U.S. Code § 1331 as the issue in controversy arising under the Constitution, laws, or treaties of the United States, specifically: 15 U.S.C 1692-1692p, the Fair Debt Collection Practices Act, 12 USC Section 2601 et seq. including Regulation Z, which is found at 24 C.F.R. § 3500, as well as: 12 CFR Part 1024 et seq. and 12 USC Section 2605, 15 U.S.C.A. § 1601 et. Seq., and 18 U.S. Code § 1343, and the FDCPRA, 15 U.S.C. § 1601, et. seq.

F. The amount in controversy is in excess of $75000.00.

2. **Background Material Facts**

A. At all times relevant and material hereto the Note/Mortgage of the Plaintiff, identified as Loan Number 0093126696, was alleged to be in a default status and on April 8, 2022, Defendants did initiate litigation in the Pennsylvania Court of Common Pleas of Bucks County, Docket Number 2022-01649-0.

B. The Plaintiffs sought the services of Keaveney Legal Group which undertook the task of submitting Requests for Information in accordance with 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36 – copies of which are attached hereto and collectively marked as **Exhibit A.**

C. Said Requests speak for themselves, but in essence the Plaintiffs sought to verify the ownership of the debt and the dollar amount due and owing so that an effective request for loss mitigation could be presented in order to effectuate a cure of the loan.

D. Having not received the required responses as mandated by law, the Plaintiffs then submitted Notices of Error in accordance with 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36 – copies of which are attached hereto and collectively marked as **Exhibit B.**

E. Additionally, in order to properly, effectively and efficiency pursue and apply for loss mitigation, Plaintiffs sought early intervention from the Defendants, together with a

single point of contact – but the same was repetitively refused in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39.

F. The repetitive violation of the hereinbefore cited Federal Regulations effectively served to delay the Plaintiffs from obtaining loss mitigation assistance – with such violations being so egregious that the Plaintiffs are now facing a Sheriff's Sale of their property on August 11, 2023.

G. The aforesaid conduct of the Defendants as described above effectively denied the Plaintiffs urgently needed and sought after relief to cure their delinquency and placed them into an anxiety and stress filled long term scenario of having to fear the loss of their property all the while their debt grew and their credit ratings dropped.

H. Defendants' aforesaid conduct consisting of delays, failure and refusal to generate proper responses and refusal to afford proper legal treatment of the Plaintiffs' Loss Mitigation requests, was in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*), all of which negligently and/or intentionally prevented the Plaintiffs from attempting a cure of the alleged defaulted mortgage, which cure he is entitled to pursue as an offered loss mitigation option, and, also preventing from seeking alternative remedies by relying on the Defendants' false promises and inducements of prompt, competent and immediate servicing and assistance.

I. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).

J. At all times relevant and material hereto the Defendants is subject to the within cited provisions of Regulation X of RESPA as 12 CFR Sec 1024.2(b) defines Servicer as a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan).

K. The Plaintiffs as a borrower may enforce violations of these provisions through a private cause of action pursuant to 12 U.S.C. S 2605(t). See 12 C.F.R. S 1024.41 (a).

    L.  As a direct result of this inexplicable breach of agreements and violations followed by lack of communication and assistance, all as required under RESPA, the Plaintiffs have been denied his contractual and statutory right to a Permanent Loan Modification, his account remains in a default status with interest and charges accumulating and she is facing a sheriff sale.

    M.  At all times relevant and material hereto the Plaintiffs were eligible and qualified for Loss Mitigation Assistance in the form of a Loan Modification and were assured of such in multiple communications with the Defendants, who subsequently and repeatedly failed to render the promised assistance and guidance.

    N.  As a direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiffs have suffered severe damages, including but not limited to:

        a.  Physical and emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the potential loss of property and loss of right to cure default;

        b.  Economic losses associated with the preclusion of her ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiffs to additional interest, late fees, damage to credit, counsel fees and costs;

        c.  Counsel fees, costs and other losses as may be revealed during discovery or the trial of this case.

## COUNT ONE
### Common Law Negligence and/or Reckless Indifference and/or Intentional Misrepresentation

1. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

2. Defendants, through its agents, servants and employees, negligently, carelessly, recklessly and/or intentionally fail to manage, service and/or maintain the Plaintiffs' account and /or otherwise engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan, specifically but not by way of limitation:

a. At all times relevant and material hereto the Note/Mortgage of the Plaintiff, identified as Loan Number 0093126696, was alleged to be in a default status and on April 8, 2022, Defendants did initiate litigation in the Pennsylvania Court of Common Pleas of Bucks County, Docket Number 2022-01649-0.

b. The Plaintiffs sought the services of Keaveney Legal Group which undertook the task of submitting Requests for Information in accordance with 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36 – copies of which are attached hereto and collectively marked as **Exhibit A.**

c. Said Requests speak for themselves, but in essence the Plaintiffs sought to verify the ownership of the debt and the dollar amount due and owing so that an effective request for loss mitigation could be presented in order to effectuate a cure of the loan.

d. Having not received the required responses as mandated by law, the Plaintiffs then submitted Notices of Error in accordance with 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36 – copies of which are attached hereto and collectively marked as **Exhibit B.**

e. Additionally, in order to properly, effectively and efficiency pursue and apply for loss mitigation, Plaintiffs sought early intervention from the Defendants, together with a single point of contact – but the same was repetitively refused in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39.

f. The repetitive violation of the hereinbefore cited Federal Regulations effectively served to delay the Plaintiffs from obtaining loss mitigation assistance – with such violations being so egregious that the Plaintiffs are now facing a Sheriff's Sale of their property on August 11, 2023.

g. The aforesaid conduct of the Defendants as described above effectively denied the Plaintiffs urgently needed and sought after relief to cure their delinquency and placed them into an anxiety and stress filled long term scenario of having to fear the loss of their property all the while their debt grew and their credit ratings dropped.

h. Defendants' aforesaid conduct consisting of delays, failure and refusal to generate proper responses and refusal to afford proper legal treatment of the Plaintiffs' Loss

>  Mitigation requests, was in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*), all of which negligently and/or intentionally prevented the Plaintiffs from attempting a cure of the alleged defaulted mortgage, which cure he is entitled to pursue as an offered loss mitigation option, and, also preventing from seeking alternative remedies by relying on the Defendants' false promises and inducements of prompt, competent and immediate servicing and assistance.

3. The conduct of the Defendants as hereinbefore set forth demonstrates a "pattern or practice" of non- compliance with the Real Estate Settlement and Procedures Act (RESPA) Regulation X for which liability may be imposed for actual and statutory damages, including counsel fees and costs, 12U.S.C. S 2605(f)(l).
4. As a direct result of this inexplicable breach of agreements and violations followed by lack of communication and assistance, all as required under RESPA, the Plaintiffs have been denied his contractual and statutory right to a Permanent Loan Modification, his account remains in a default status with interest and charges accumulating and she is facing a sheriff sale.
5. At all times relevant and material hereto the Plaintiffs were eligible and qualified for Loss Mitigation Assistance in the form of a Loan Modification and were assured of such in multiple communications with the Defendants, who subsequently and repeatedly failed to render the promised assistance and guidance.
6. At all times relevant and material hereto, Defendants knew that the Loan Modification Application was, amongst other purposes, an attempt to cure the alleged default and end the threat of foreclosure, all of which the Plaintiff was entitled to pursue.
7. As a direct result of this inexplicable breach of agreements and violations followed by lack of communication and assistance, all as required under RESPA, the Plaintiff has been denied his contractual and statutory right to a Permanent Loan Modification, her account remains in a default status with interest and charges accumulating and she is facing foreclosure.
8. As a direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

    a. Physical and emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the potential loss of her property and loss of right to cure default;

    b. Economic losses associated with the preclusion of her ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

    c. Counsel fees, costs and other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendants for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;

    b. Damages as permitted by statute and common law;

    c. Counsel fees;

    d. All other relief this Court deems necessary and just.

## COUNT TWO

**Common Law Fraud and/or Violation of the Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) 73 P.S. §§201-1 et seq.**

9. Plaintiff hereby incorporates herein by reference all preceding paragraphs as if set forth at length.

10. At all times relevant and material hereto the Plaintiff was consumers of the Defendants' goods and services and as such the conduct of the Defendants and the transaction was governed by the Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) 73 P.S. §§201-1 et seq.

11. At all times relevant and material hereto the Defendants did violate the Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL) 73 P.S. §§201-1 et seq. by engaging in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the servicing of the subject loan,

specifically but not by way of limitation via deception, reckless indifference and an intent to promote its own financial interests, Defendants engaged in the following:

a. At all times relevant and material hereto the Note/Mortgage of the Plaintiff, identified as Loan Number 0093126696, was alleged to be in a default status and on April 8, 2022, Defendants did initiate litigation in the Pennsylvania Court of Common Pleas of Bucks County, Docket Number 2022-01649-0.

b. The Plaintiffs sought the services of Keaveney Legal Group which undertook the task of submitting Requests for Information in accordance with 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36 – copies of which are attached hereto and collectively marked as **Exhibit A.**

c. Said Requests speak for themselves, but in essence the Plaintiffs sought to verify the ownership of the debt and the dollar amount due and owing so that an effective request for loss mitigation could be presented in order to effectuate a cure of the loan.

d. Having not received the required responses as mandated by law, the Plaintiffs then submitted Notices of Error in accordance with 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.35 and 1024.36 – copies of which are attached hereto and collectively marked as **Exhibit B.**

e. Additionally, in order to properly, effectively and efficiency pursue and apply for loss mitigation, Plaintiffs sought early intervention from the Defendants, together with a single point of contact – but the same was repetitively refused in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39.

f. The repetitive violation of the hereinbefore cited Federal Regulations effectively served to delay the Plaintiffs from obtaining loss mitigation assistance – with such violations being so egregious that the Plaintiffs are now facing a Sheriff's Sale of their property on August 11, 2023.

g. The aforesaid conduct of the Defendants as described above effectively denied the Plaintiffs urgently needed and sought after relief to cure their delinquency and placed them into an anxiety and stress filled long term scenario of having to fear the loss of their property all the while their debt grew and their credit ratings dropped.

    h.  Defendants' aforesaid conduct consisting of delays, failure and refusal to generate proper responses and refusal to afford proper legal treatment of the Plaintiffs' Loss Mitigation requests, was in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*),  all of which negligently and/or intentionally prevented the Plaintiffs from attempting a cure of the alleged defaulted mortgage, which cure he is entitled to pursue as an offered loss mitigation option, and, also preventing from seeking alternative remedies by relying on the Defendants' false promises and inducements of prompt, competent and immediate servicing and assistance.

12. Had Plaintiff's Loan Modification Application been properly evaluated in accordance with the law, her loan would have been modified and the alleged default would have been cured followed by the dismissal of the pending foreclosure.

13. Due to Defendants' neglect and steadfast refusal to head to the law as argued by the Plaintiff, the Plaintiff is now facing a loss of her property via a Sheriff Sale.

14. Via deception, reckless indifference and intent to promote its own financial interests, Defendants engaged in acts of omission, including but not limited to failing to communicate, knowingly disregarded, concealed, and suppressed material account information and status of a completed Loan Modification Application.

15. At all times relevant and material hereto, Defendants knew that the Loan Modification Application was, amongst other purposes, an attempt to cure the alleged default and end the threat of foreclosure, all of which the Plaintiff was entitled to pursue.

16. As a direct result of said violations followed by lack of communication and assistance, all as required under RESPA, the Plaintiff has been denied his contractual and statutory right to a Permanent Loan Modification, his account remains in a default status with interest and charges accumulating and he was facing a loss of her property via a Sheriff Sale and forced to file for bankruptcy.

17. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

    a.  Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;

    b.  Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;

    c.  Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendants for damages, interests and costs of suit including:

    a.  Punitive and/or treble damages;
    b.  Damages as permitted by statute and common law;
    c.  Counsel fees;
    d.  All other relief this Court deems necessary and just.

### COUNT THREE

**Violations of the Truth-in-Lending Act and Real Estate Settlement and Procedures Act**

18. Plaintiff hereby incorporates by reference all preceding paragraphs as if set forth at length herein.

19. In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

20. Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR 10901 (Regulation Z) (February 14, 2013) and 78 FR 10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

21. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

22. The Plaintiff alleges that the conduct of the Defendants as hereinbefore set forth indicates a pattern and practice of failures to comply with loss mitigation rules, specifically with respect to 12 CFR Sec. 1024. Specifically but not by way of limitation the Defendants' violations and failures consisted of that conduct as itemized in detail in the Background and Material Facts portion of this Complaint and all prior Counts.

23. Defendants' delayed, failed and refused to generate proper responses as to the proper legal treatment of the Plaintiff's Loan Modification Application in violation of 12 U.S.C. Sec 2605(e), Reg. X, Subpart C, 12 C.F.R. Secs 1024.39 (*Duty to Provide Early Intervention*), 1024.36 (*Duty to Maintain Continuity of Contact*) and 1024.41 (*Duty to Comply with Loss Mitigation Procedures*).

24. Defendants engaged in a course of conduct that prevented the Plaintiff from attempting a cure of her alleged defaulted mortgage, which cure she is entitled to pursue as an offered loss mitigation option, and, also preventing her from seeking alternative remedies by relying on the Defendants' false promises and inducements of prompt, competent and immediate servicing and assistance

25. Defendant have repetitively yet deceptively advised the Plaintiff that they would be "looking into this issue", but have steadfastly refused to address this dispute and/or make a determination on the submitted Modification Application.

26. Had Plaintiff's Loan Modification Application been properly evaluated in accordance with the law, her loan would have been modified and the alleged default would have been cured followed by the dismissal of the pending foreclosure.

27. Due to Defendants' neglect and steadfast refusal to head to the law as argued by the Plaintiff, the Plaintiff is now facing a loss of her property via a Sheriff Sale and forced to seek bankruptcy protection.

28. At all times relevant and material hereto, Defendants knew that the Loan Modification Application was, amongst other purposes, an attempt to cure the alleged default and end the threat of foreclosure, all of which the Plaintiff was entitled to pursue.

29. As a direct result of this inexplicable breach of agreements and violations followed by lack of communication and assistance, all as required under RESPA, the Plaintiff has been denied her contractual and statutory right to a Permanent Loan Modification, his account

remains in a default status with interest and charges accumulating and she is facing foreclosure.

30. As a further direct result of the conduct of the Defendants as herein before and herein after set forth, the Plaintiff has suffered severe damages, including but not limited to:

    a. Physical and/or emotional harm and other damages due to resultant anxiety, stress, fear and embarrassment related to the possible loss of their property;
    b. Economic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs;
    c. Other losses as may be revealed during discovery or the trial of this case.

**WHEREFORE,** the Plaintiff demands judgment against Defendants for damages, interests and costs of suit including:

    a. Punitive and/or treble damages;
    b. Damages as permitted by statute and common law;
    c. Counsel fees;
    d. All other relief this Court deems necessary and just.

_____
**KEAVENEY LEGAL GROUP, LLC**
Thomas Masciocchi, Esq.
PA Bar ID No.: 43755
1000 Maplewood Drive, Suite 202,
Maple Shade, New Jersey 08052
Tel. (800) 219-0931
*Attorneys for Plaintiffs*